IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | Case No. 5:15-cr-00027 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| THOMAS WRIGHT | ) | By: Michael F. Urbanski |
| | ) | United States District Judge |
| | ) | |

## MEMORANDUM OPINION

Defendant Thomas Wright, proceeding pro se, appeals his misdemeanor conviction for disorderly conduct after entering a guilty plea before the United States Magistrate Judge on September 8, 2015. Wright admits to using obscene language but asserts he lacked the requisite mens rea for the offense of conviction, disorderly conduct, in violation of 36 C.F.R. § 2.34(a)(2). Having carefully reviewed the record in this case, the court concludes there is not a sufficient factual basis to support Wright's plea of guilty. As such, the court will **VACATE** the judgment and **REMAND** this case to the magistrate judge for further proceedings.

I.

The facts of this case according to the government's proffer at the September 8, 2015 guilty plea hearing are as follows.

On April 15, 2015, Park Ranger Neumann responded to complaints that Wright made a vulgar and offensive statement to two guests at Big Meadows Wayside, a restaurant and store in Shenandoah National Park. Management told Ranger Neumann the guests, a couple, reported that Wright approached them and showed them a drawing he had made and, in the context of doing so, made an offensive statement. At the plea hearing, the government proffered, after consultation with the ranger, that the statement made by Wright was: "Okay. Now how big is your cock?" See

1

Guilty Plea Tr., ECF No. 9, at 9-10. Management asked Wright to leave the restaurant, and he did. At that point, management contacted the National Park Service. The following day, Ranger Neumann located Wright elsewhere in the park based on the description given by the complaining witnesses. Ranger Neumann issued Wright a citation for "disorderly conduct—obscene behavior/language," a violation of 36 C.F.R. § 2.34(a)(2).[1] The violation notice indicates Wright admitted to being at the Big Meadows Wayside the previous evening and that he told the ranger "I mentioned something about a cock." Viol. Not., ECF No. 2.

At the September 8, 2015 hearing, at which Wright waived his right to counsel, the government indicated that the parties had reached an agreement as to the appropriate resolution of the matter and that Wright intended to enter a guilty plea pursuant to Rule 11 of the Federal Rules of Criminal Procedure. In the course of the ensuing plea colloquy, the court asked Wright whether he disputed the facts listed in the violation notice. Wright responded: "Only nominally, the wording of a particular phrase, but nothing of significance." Guilty Plea Tr., ECF No. 9, at 7. Wright clarified later at the hearing that the picture he had drawn on the date in question was not vulgar or inappropriate—rather, it was a picture of the complaining gentleman's face. Wright stated his recollection was that he went over to the man, showed him the drawing, and said he "wasn't interested in [the complaining victim's] cock." Id. at 10.

> THE COURT: Okay. Mr. Wright, do you contest those facts?
>
> THE DEFENDANT: I mean -- yeah, I -- my recollection is I said I wasn't interested in his

---

[1] The violation notice itself erroneously references 36 C.F.R. § 2.34(b)(2), as does the judgment entered in this case. See ECF No. 5. The regulation does not contain a subsection (b)(2), however, and it is clear the charge was intended to be a violation of 36 C.F.R. § 2.34(a)(2). Both the description of the charge on the violation notice and the transcript of the plea hearing make clear that Wright was informed of the nature of the charge against him. Thus, this clerical error is of no moment. See United States v. Herron, 521 F. Supp. 928, 931 (D.S.C. 1981) ("The Fourth Circuit has consistently held that the mere fact that the wrong section of a statute is cited in an indictment does not invalidate a conviction when no prejudice is shown from the mis-citation." (citing United States v. Brown, 284 F.2d 89, 90 (4th Cir. 1960)).

2

cock. I mean, either way, there was nothing about it that was intended to put him off. I was trying to make light of it. Yeah –

THE COURT: But you drew this picture and used that language –

THE DEFENDANT: Yeah. I'm sorry. The picture, I had been sitting at the diner, drawing. And I started drawing just the guy that I wound up speaking to. There was nothing vulgar or inappropriate about the drawing.

THE COURT: Yeah, this is the drawing of a penis and –

THE DEFENDANT: No, no. No. I'm sorry. This is a drawing of a face. I offered to show the ranger. It is a person's face.

THE COURT: So you drew a person's face and then –

THE DEFENDANT: I had gone over to him—

THE COURT: -- what did you say to him?

THE DEFENDANT: I mean, looking back at it now, I can absolutely see how it would be off-putting. But I had gone over to him and showed him the drawing. And I was trying to put him at ease, and wound up making it far more -- so I apologize and -- yeah.

THE COURT: All right.

Id. at 10-11.

The court asked Wright if he intended to plead guilty because he was guilty. Wright responded:

THE DEFENDANT: I absolutely did say an obscenity. I didn't -- I don't think that there's anything beyond that.

THE COURT: Okay. Do you think you are guilty of this offense?

3

> THE DEFENDANT: Of –
>
> THE COURT: Of the disorderly conduct offense?
>
> THE DEFENDANT: Of an obscenity, yes.
>
> THE COURT: All right.

Id. at 12. The court accepted Wright's plea to disorderly conduct in violation of 36 C.F.R. § 2.34(a)(2), finding it to be knowingly and voluntarily made. The court noted: "And, you know, there's, I'd say, the barest minimum basis in fact for the plea." Guilty Plea Tr., ECF No. 9, at 13. Per the parties' agreement, the court sentenced Wright to a $15 fine, a $25 processing fee, and a $10 mandatory special assessment. Judgment was entered on September 8, 2015.

Wright now appeals his conviction, asserting that he pled guilty to the charge because he used a "word of profanity" in an attempted act of humor, but had "no malice or ill intent" in making the statement. Not. of Appeal, ECF No. 1, at 1. He asks that he be given "a lesser and more fitting charge" than disorderly conduct. Id.

## II.

The scope of appeal for a judgment of conviction entered by a magistrate judge "is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Thus, "the district court utilizes the same standards of review applied by a court of appeals in assessing a district court conviction." United States v. Bursey, 416 F.3d 301, 305 (4th Cir. 2005). Additionally, the same standards govern review of the trial record, and challenges to the sufficiency of the evidence must be viewed in the light most favorable to the government. Id. (citing United States v. Hughes, 542 F.2d 246, 248 (5th Cir. 1976), and United States v. Pasquantino, 336 F.3d 321, 332 (4th Cir. 2003) (en banc)). "Findings of fact made by the trial court are reviewed for

clear error, and issues of law (such as the interpretation of statutes and regulations) are reviewed de novo." Id. (citing United States v. Leftenant, 341 F.3d 338, 342-43 (4th Cir. 2003)).

The conviction in this case follows entry of a Rule 11 guilty plea. "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the guilty plea." Fed. R. Crim. P. 11(b)(3). In so doing, the court must determine whether the "'evidence presented is sufficient to demonstrate that the defendant committed the elements of the charged offense.'" United States v. Murraye, 596 F. App'x 219, 224 (4th Cir. 2015) (citing United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997)). The trial court has "wide discretion" to find that a factual basis exists from anything in the record; it is not restricted to the Rule 11 colloquy. United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). An abuse of discretion standard applies to a lower court's determination of whether a guilty plea has a sufficient factual basis, "[a]nd we will not find an abuse of discretion so long as the [lower] court could reasonably have determined that there was a sufficient factual basis on the record before it." United States v. Mastrapa, 509 F.3d 652, 660 (4th Cir. 2007) (citing United States v. Martinez, 277 F.3d 517, 531 (4th Cir. 2002) and Mitchell, 104 F.3d at 652).

Because Wright did not challenge the Rule 11 proceedings before the magistrate judge, he must satisfy a plain error standard of review on appeal. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009); United States v. Benton, 523 F.3d 424, 429 (4th Cir. 2008); United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir. 2002). Thus, he must show: "(1) an error was made; (2) the error is plain; and (3) the error affects [his] substantial rights." Massenburg, 564 F.3d at 342-43 (citing United States v. Olano, 507 U.S. 725, 732 (1993)). Even if Wright makes such a showing, the court should only exercise its discretionary authority to correct an error if "the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" Id.; accord Benton, 523 F.3d at 429.

## III.

Wright pled guilty to disorderly conduct in violation of 36 C.F.R § 2.34(a)(2). To convict Wright of this offense, the government would have to prove that he: (1) used language, an utterance, or a gesture, or engaged in a display or act; (2) that is obscene, physically threatening or menacing, or done in a manner likely to inflict injury or incite an immediate breach of the peace; and (3) that he had the intent to cause or knowingly or recklessly created a risk of public alarm, nuisance, jeopardy, or violence. United States v. Lanning, 723 F.3d 476, 480 (4th Cir. 2013). Wright's intent is an essential element to his guilt, see Mastrapa, 509 F.3d at 657, and there is not a sufficient factual basis in this case to establish that Wright had the requisite intent to violate 36 C.F.R. § 2.34(a)(2).

During his plea colloquy, Wright expressly denied intending to upset the complaining victim; in fact, just the opposite is true. Wright stated his intent was to make light of the situation: "I mean -- yeah, I -- my recollection is I said I wasn't interested in his cock. I mean, either way, there was nothing about it that was intended to put him off. I was trying to make light of it. Yeah --." Guilty Plea Tr., ECF No. 9, at 10. Wright continued: "I mean, looking back at it now, I can absolutely see how it would be off-putting. But I had gone over to him and showed him the drawing [of the man's face]. And I was trying to put him at ease, and wound up making it far more -- so I apologize and -- yeah." Id. at 11. When asked by the magistrate judge if he believed he was guilty of the crime charged, Wright stated only: "I absolutely did say an obscenity. I didn't – I don't think that there's anything beyond that." Id. at 12. When pressed further, Wright's response was consistent:

> THE COURT: Okay. Do you think you are guilty of this offense?
>
> THE DEFENDANT: Of –
>
> THE COURT: Of the disorderly conduct offense?
>
> THE DEFENDANT: Of an obscenity, yes.

6

THE COURT: All right.

Id. at 12.

The only evidence in the record outside of this plea hearing transcript is the violation notice. That, too, fails to provide a factual basis to support Wright's guilty plea. The "Offense Description: Factual Basis for Charge" reads "Disorderly Conduct – obscene behavior / language." Violation Not., ECF No. 2. The probable cause statement explains:

> I responded to the Big Meadows Wayside on 4/24/15[2] for a report of a male acting strange, saying obscene things to visitors, and acting inappropriately.
>
> After getting a description of the individual's vehicle, I later found it in the Big Meadows campground the following day.
>
> I identified the male that matched the description reported by wayside employees as Thomas K. Wright by his valid Virginia Driver's License. When asked if WRIGHT had been in the Big Meadows Wayside the previous evening he responded "yes." When asked if he said anything inappropriate and [sic] WRIGHT stated, "I mentioned something about a cock."
>
> I told WRIGHT to stay away from Big Meadows Wayside and told him that he offended employees and visitors in the building.
>
> WRIGHT was cited for:
> 36 C.F.R. 2.34(b)(2) Disorderly Conduct – obscene behavior/language.

Id. When asked if he contested the facts outlined in this violation notice, Wright responded: "Only nominally, the wording of a particular phrase, but nothing of significance." Guilty Plea Tr., ECF No. 9, at 7. The magistrate judge did not follow up to see what "nominal" objection Wright had to the statement. Even if nothing had been contested, the statement does not provide evidence to support the mens rea element of the offense. Cf. Mastrapa, 509 F.3d at 658 ("Because Mastrapa

---

[2] This date is inconsistent with the one listed on the violation notice, 04/15/2015, see Viol. Not., ECF No. 2, and the April 15th date referenced by the government in its recitation of the facts at the guilty plea hearing. Guilty Plea Tr., ECF No. 9, at 7.

7

protested having any knowledge of the conspiracy or the drug crime and the only evidence in the record was the affidavit of the DEA agent, which likewise failed to provide evidence of mens rea, the district court could not have found a sufficient factual basis for the mens rea element of the conspiracy offense for which it adjudged Mastrapa guilty.").

To be sure, the record in this case establishes that Wright said something inappropriate on the date in question—as Wright put it, he said "an obscenity."[3] Simply using obscene language does not violate the regulation, however. Wright is charged with disorderly conduct, a crime that penalizes use of obscene language by someone with a certain state of mind—specifically, someone who has the intent to cause public alarm, nuisance, jeopardy, or violence, or someone who knowingly or recklessly creates a risk thereof. As nothing in the record before the court establishes that Wright had a willful intent or that he knowingly created such a risk, the question becomes whether there is a sufficient factual basis to establish that Wright's actions recklessly created a risk of public alarm, nuisance, jeopardy or violence.

Although the regulation itself does not define the word "recklessly," the Ninth Circuit in United States v. Albers, 226 F.3d 989 (9th Cir. 2000), cert. denied, 531 U.S. 1114 (2001), had occasion to construe the meaning of "recklessly" as it is used in the context of 36 C.F.R. § 2.34(a). Relying on the Model Penal Code § 2.02(2)(c) (1985), and the United States Supreme Court's decision in Farmer v. Brennan, 511 U.S. 825, 836-37 (1994), the Ninth Circuit concluded that the "relevant inquiry in finding recklessness here is whether the defendant[] deliberately disregarded a substantial and unjustifiable risk of creating a hazardous or physically offensive condition of which [he was] aware." 226 F.3d at 994-95; accord United States v. Rodriguez, 790 F.3d 951, 958 (9th Cir.

---

[3] The government represented at the Rule 11 hearing that the relevant prong of § 2.34(a)(2) was "the obscene prong." Guilty Plea Tr., ECF No. 9, at 9. The lack of evidence pinpointing what exactly Wright said to the complaining victims raises some question as to whether there is evidence to support the actus reus element of 36 C.F.R. § 2.34(a)(2)—that is, whether the language Wright used was, in fact, obscene. Wright admitted to using obscene language, however, and because the court will vacate the judgment on other grounds, it need not reach this issue.

8

2015); United States v. Marquez, 979 F. Supp. 2d 326, 334 (E.D.N.Y. 2013); see also Model Penal Code § 2.02(2)(c) ("The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation.").

On this record, the court cannot find facts to support a determination that Wright deliberately disregarded a substantial and unjustifiable risk of public alarm, nuisance, jeopardy or violence of which he was aware, when he used obscene language on the night in question. Wright consistently asserted during the Rule 11 colloquy that he did not intend to offend the complaining victim, and he admitted only to saying an obscenity—nothing more. No statements made or evidence proffered at the Rule 11 hearing sheds further light on Wright's state of mind, nor do they support a finding of recklessness.

The opinion of the Fourth Circuit in United States v. Lanning, 723 F.3d 476 (4th Cir. 2013), is instructive. In that case, Joe Lanning was convicted of violating 36 C.F.R. § 2.34(a)(2) for making lewd statements and grasping the crotch of an undercover park ranger on the Blue Ridge Parkway in North Carolina. The Fourth Circuit reversed Lanning's conviction and remanded for a judgment of acquittal, concluding "that no rational trier of fact could find beyond a reasonable doubt that Defendant's brief touch of the ranger's crotch, done in response to the ranger's deliberate attempt to convince Defendant that he would have sex with him, was 'physically threatening or menacing' or 'likely to inflict injury or incite an immediate breach of the peace.'" 723 F.3d at 478. As the Fourth Circuit stated in Lanning, "[f]acts matter." Id. at 485. And the facts of the instant case pale in comparison to those in Lanning, where the defendant grasped the ranger's crotch. Absent an admission or other evidence to suggest that Wright's utterance of an obscenity was done with the

9

"intent to cause public alarm, nuisance, jeopardy or violence, or knowingly or recklessly creating a risk thereof," 36 C.F.R. § 2.34(a), his guilty plea lacks factual support.

Accordingly, the court concludes there is an insufficient factual basis for the judgment of conviction in this case. Federal Rule of Criminal Procedure 11(b)(3), which requires the court to determine there is a factual basis before entering a judgment on a guilty plea,

> is intended to ensure that "the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." [United States v.] DeFusco, 949 F.2d [114,] [ ] 120 [(4th Cir. 1991)]; United States v. Fountain, 777 F.2d 351, 355 (7th Cir. 1985). The requirement to find a factual basis is designed to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." Fed. R. Crim. P. 11 advisory committee's notes (1966).

United States v. Mastrapa, 509 F.3d 652, 659-60 (4th Cir. 2007). Wright, who voluntarily entered a plea of guilty to using profanity without realizing that the charge with which he was convicted required more, see Not. of Appeal, ECF No. 1, is precisely the type of defendant Rule 11(b)(3) is designed to protect.

The lack of a sufficient factual basis to support Wright's plea of guilty to disorderly conduct is plain error. See Mastrapa, 509 F.3d at 660-61. "The existence of a plain error does not necessarily entitle [Wright] to relief, however." United States v. Massenberg, 564 F.3d 337, 343 (4th Cir. 2009). Indeed, the applicable standard of review requires Wright to show that the error affected his substantial rights. Id. (citing United States v. Olano, 507 U.S. 725 (1993)).

> In the Rule 11 context, this means that [Wright] "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S. Ct. 2333, 159 L.Ed.2d 157 (2004). "[The] defendant must ... satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." Id. at 83, 124 S. Ct. 2333 (citations and internal quotation marks omitted).

Id. The decision to correct plain error is within the court's discretion and should be exercised "only if the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" Id. (quoting Olano, 507 U.S. at 732).

Following the Fourth Circuit's decision in Mastrapa, the court will take notice of the plain error in this case and exercise its discretion to correct it. 509 F.3d at 660-61. The court is satisfied that "the probability of a different result is sufficient to undermine the confidence in the outcome of the proceeding." Massenberg, 564 F.3d at 343 (citing Dominguez Benitez, 542 U.S. at 83). At the Rule 11 hearing, Wright consistently stated he said an obscenity, but admitted nothing more. He did not admit, and plainly does not believe, that he had the requisite mens rea for the disorderly conduct charge of which he was convicted.[4] It is clear that Wright mistakenly thought that he could be convicted of disorderly conduct for simply saying an obscene word.[5] Cf. Mastrapa, 509 F.3d at 660 (defendant believed that, by carrying a bag of groceries without knowledge of what was in the bags, "he had unwittingly participated in a conspiracy for which the American system would imprison him despite his lack of knowledge"). There is a reasonable probability that, in the absence of this misunderstanding, Wright would not have entered a guilty plea. Thus, the court finds that the lack of factual basis in this case seriously affects the integrity of the court's Rule 11 proceedings and will exercise its discretion to correct the error. See Mastrapa, 509 F.3d at 661.

## IV.

To determine the proper remedy for a Rule 11 violation, the Fourth Circuit employs the two-remedy rule adopted by the Sixth Circuit in United States v. Tunning, 69 F.3d 107 (6th Cir.

---

[4] See also Not. of Appeal, ECF No. 1 ("I pled guilty because I did use a word of profanity . . . . but there was no malice or ill intent in my statements.").

[5] See also Not. of Appeal, ECF No. 1 (explaining that after looking "further into the specific laws" and receiving the "statement of probable cause" following entry of judgment in his case, Wright realized the disorderly conduct charge of which he was convicted concerned "a far more deplorable act than a single vulgar term used in an attempted act of humor.").

11

1995). United States v. Carr, 271 F.3d 172, 180-81 (4th Cir. 2001). This two-tiered approach distinguishes between the court's state of mind and the defendant's state of mind:

> A Rule 11 record that fails to reflect that the defendant voluntarily and knowingly entered a guilty plea requires a different cure than a record that *does* demonstrate the requisite knowledge by the defendant, but fails to sufficiently reflect the district court's basis for accepting the plea. When the record is deficient as to the defendant's state of mind—and this deficiency affects the defendant's substantial rights—the defendant may be entitled to plead anew. Where, as in this case, the sole defect in the Rule 11 record is the lack of a sufficient factual basis for the judgment of conviction, however, the proper remedy is to vacate the conviction and remand.

Carr, 271 F.3d at 180-81.

Because this court's holding rests on the insufficiency of the factual basis to support Wright's plea, the judgment in this case will be vacated and the case remanded for a new Rule 11 proceeding. "[D]uring the proceedings on remand, the [magistrate judge] should consider the record as a whole, as it relates both to the voluntariness and knowledge of the plea and to the factual basis for the plea, and proceed appropriately upon [his] conclusions on these matters." Mastrapa, 509 F.3d at 661.

An appropriate Order will be entered.

Entered: 03-01-2016

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge